**James C. Mahan
U.S. District Judge**

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HENRY TOMKIEL,<br><br>        Plaintiff(s),<br><br>v.<br><br>HARTFORD CASUALTY<br>INSURANCE COMPANY,<br><br>        Defendant(s). | 2:13-CV-1888 JCM (PAL) |

### ORDER

Presently before the court is defendant Hartford Casualty Insurance Company's ("defendant") partial motion to dismiss plaintiff Henry Tomkiel's complaint. (Doc. # 7). Plaintiff has responded (doc. # 10), and defendant has replied (doc. # 12).

**I.     Background Facts**

The instant dispute arises out of an insurance contract. (Doc. # 7 at 1). On July 21, 2011 an under-insured motorist struck plaintiff's automobile. (Doc. # 1-5 at 8-9). As a result of the accident, plaintiff sustained injuries to his body. (Doc. #1-5 at 9).

Plaintiff was insured under a policy issued by defendant at the time of the accident. (Doc. # 7 at 1). The policy provided for, *inter alia*, an under-insured motorist benefit. (Doc. # 7 at 1-2). A dispute arose between plaintiff and defendant as to plaintiff's entitlement to under-insured motorist benefits. Accordingly, plaintiff initiated the instant suit alleging four causes of action: (1) breach of contract; (2) contractual breach of the implied covenant of good faith and fair dealing; (3) tortious

1  breach of the implied covenant of good faith and fair dealing; and (4) unfair trade practices. (Doc.
2  # 7 at 2). Defendant now moves to dismiss plaintiff's extra-contractual claims: plaintiff's second,
3  third, and fourth causes of action.

4  **II.    Legal Standard**

5       A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can
6  be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain
7  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell*
8  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual
9  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements
10 of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual
11 allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to
12 survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to
13 relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

14      In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when
15 considering motions to dismiss. First, the court must accept as true all well-pled factual allegations
16 in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950.
17 Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not
18 suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint
19 allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's
20 complaint alleges facts that allows the court to draw a reasonable inference that the defendant is
21 liable for the alleged misconduct. *Id*. at 1949.

22      Where the complaint does not permit the court to infer more than the mere possibility of
23 misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*.
24 (internal quotations omitted). When the allegations in a complaint have not crossed the line from
25 conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

26 . . .
27 . . .
28

### III. Discussion

**(1) Contractual breach of the implied covenant of good faith and fair dealing**

The contractual covenant of good faith is an obligation independent of consensual contractual covenants. *Morris v. Bank of Am. Nev.*, 886 P.2d 454, 457 n.2 (Nev. 1994). A contractual breach of covenant arises where a party to the contract honors the express terms, but deliberately contravenes the intent and spirit of the contract. *Hilton Hotels Corp. v. Butch Lewis Prods.*, 808 P.2d 919, 922-23 (Nev. 1991).

Plaintiff argues under his breach of contract claim that defendant did not comply with the express terms of the insurance policy by denying plaintiff benefits due under the under-insured motorist provision. Plaintiff asserts he is owed the policy limit under the insurance contract between him and defendant. Therefore, plaintiff alleges facts establishing a violation of the *express* terms of the policy, thereby negating the possibility of a valid claim for breach of the contractual covenant of good faith. *See Kennedy v. Carriage Cemetery Servs.*, 727 F. Supp. 2d 925, 931 (D. Nev. 2010). Plaintiff does not argue in any manner that defendant executed its contractual obligations under the insurance policy.

Accordingly, a breach of contract cause of action is appropriate in the instant matter and contractual breach of the implied covenant of good faith and fair dealing claim will be dismissed.

**(2) Tortious breach of the implied covenant of good faith and fair dealing**

In order to establish a cause of action for tortious breach of the implied covenant of good faith and fair dealing in the insurance context, the plaintiff must demonstrate: (1) an insurer's denial of an insured's claim; (2) without any reasonable basis; and (3) the insurer's actual or implied awareness of the lack of a reasonable basis for its claim denial. *Pioneer Chlor Alkali Co. v. Nat'l Union Fire Ins. Co.*, 863 F. Supp. 1237, 1242 (D. Nev. 1994).

To support his tortious breach of the implied covenant of good faith and fair dealing, plaintiff alleges in his complaint:

> Defendant's refusal to make adequate payment to Plaintiff was made without a reasonable basis in fact or law.
>
> Defendant's refusal to make adequate payment to Plaintiff was made

>in bad faith and for the purpose of denying the benefits of contract for underinsured motorist coverage to Plaintiff.
>
>Defendant's refusal to make adequate payment to Plaintiff was an unlawful attempt to force Plaintiff to accept less money than the amount due under the Policy.

(Doc. # 1-5 at 9).

However, a "formulaic recitation of the elements of a cause of action" does not satisfy the pleading requirements. *Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plaintiff fails to allege with anything more than conclusory allegations that defendant had knowledge of or reckless disregard for the alleged lack of a reasonable basis when it denied the claim. *See Guar. Nat'l Ins. Co. v. Potter*, 912 P.2d 267, 272 (Nev. 1996) ("Bad faith is established where the insurer acts unreasonably and with knowledge that there is no reasonable basis for its conduct").

Accordingly, plaintiff has failed to state a claim that is plausible on its face and defendant's motion to dismiss will be granted as to this claim.

**(3)    Unfair trade practices**

Plaintiff alleges in his complaint that defendant "has engaged in unfair trade practices pursuant to Nev. Rev. Stat. 686A.310, including defendant's failure to properly settle plaintiff's claim." (Doc. # 1-5 at 11). In his complaint, plaintiff did not address with sufficient particularity which provision of Nevada's unfair trade practice act defendant violated. In his opposition, plaintiff does point to three subsections of the act that defendant allegedly violated. However, the allegations related to these subsections are not contained in the complaint, and are not properly before the court.

Plaintiff cannot rely on facts that he neglected to include in his complaint by referring to them in his opposition. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (citing *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993) (emphasis in original)); *see also Winkler v. Hartford Financial Services Group Inc.*, 2011 WL 1705559 (D. Nev. 2011) (dismissing claim where plaintiffs "do not allege any facts supporting claim under Nevada's Unfair

James C. Mahan
U.S. District Judge

- 4 -

1  Claims Practices Act and do not even specify which portion of the act they allege defendant
2  violated."). Accordingly, defendant's motion to dismiss is granted as to plaintiff's claim for violation
3  of Nev. Rev. Stat. 686A.310.

**(4)  Punitive damages**

To support a claim for punitive damages, a plaintiff must show the defendant's conduct was oppressive, fraudulent, or malicious. Nev. Rev. Stat. 42.005. While defendant acknowledges plaintiff sufficiently alleges breach of contract, punitive damages are not available when a defendant can be held liable only for a breach of contract. *Ins. Co. of the W. v. Gibson Tile Co., Inc.*, 134 P.3d 698, 699 (Nev. 2006). Even a finding of bad faith will not, in and of itself, support a claim for punitive damages. *United Fire Ins. Co. v. McClelland*, 780 P.2d 193, 199 (Nev. 1989).

Because plaintiff has not alleged conduct that supports an extra-contractual claim in his complaint, plaintiff's request for punitive damages must be denied.

**IV.  Conclusion**

While plaintiff's complaint is deficient, "a district court shall grant leave to amend freely when justice so requires." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (internal quotations omitted). "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 879 (9th Cir. 1999).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss (doc. # 7) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that claims two, three, and four of plaintiff's complaint are dismissed without prejudice.

DATED April 14, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -